# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:01-CR-116 |
| | ) |
| | ) |
| PHILLIP WHITE, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the Motion entitled "Defendant's Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Retroactive Guidelin[e] Amendment 787)" filed by Defendant, Phillip White, on March 6, 2015 (DE #76). For the reasons set forth below, the Motion is **DENIED.**

BACKGROUND

On February 13, 2002, Defendant pled guilty to one count of possessing with the intent to distribute crack cocaine, in violation of 21 U.S.C. section 841(a)(1). On May 30, 2002, this Court sentenced Defendant to a term of seventy months imprisonment, to run consecutive to his state sentence imposed from the State of Indiana. While on supervised release, Defendant violated conditions of his supervision

by committing another crime.  Specifically, Defendant was charged with five counts of dealing cocaine in Lake County cause number 45G02-1007-FA-00027.  Defendant pled guilty to one count of dealing cocaine and was sentenced on March 7, 2011, to eight years custody in the Indiana Department of Corrections.  In the instant cause number, Defendant admitted to the violation, and a revocation hearing was held on May 12, 2011, at which this Court sentenced Defendant to a term of ten months incarceration to be served in the custody of the Bureau of Prisons consecutive to his imprisonment in Lake County cause number 45G02-1007-FA-00027.

In his instant motion, Defendant asks the Court to modify his sentence pursuant to 18 U.S.C. 3582(c)(2) and "retroactive guideline Amendment 787."  He points out that U.S.S.G. § 5G1.3 has been recently revised and argues that the Sentencing Commission has directed courts to run a federal sentence such as his concurrently to the state sentence "if the sentence imposed by the state is relevant conduct of the federal sentence."  Defendant argues that this amendment applies retroactively.

ANALYSIS

In general, a sentencing court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(2) creates a limited exception to this rule, giving sentencing courts the discretion to reduce the term of imprisonment "in the case

of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). In such a case, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. However, the applicable policy statements make it clear that a reduction under section 3582(c)(2) does not constitute a full resentencing. See *U.S. v. Cunningham*, 554 F.3d 703, 705 (7th Cir. 2009).

The language limiting the scope of section 3582(c)(2) to defendants who were sentenced pursuant to a range that "has subsequently been lowered" is jurisdictional. See *U.S. v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008). District courts have no authority to modify a sentence under § 3582(c)(2) unless the Sentencing Commission has made an amendment retroactive. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10; *Dillon v. U.S.*, 560 U.S. 817, 826 (2010); *U.S. v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009).

Here, while it is true that section 5G1.3 has been amended,[1] this

---

[1] "Effective November 1, 2014, the 'increase requirement,' or the requirement that the prior offense conduct resulted in an increase in offense level for the instant offense, has been stricken from the provision. U.S.S.G. app. C amend. 787 (Nov. 1, 2014). Therefore, in order to meet the requirements for a consecutive (or adjusted) sentence under the amended subsection (b), a defendant need only show that the prior undischarged term of imprisonment resulted from another offense that qualifies as 'relevant conduct' to the instant offense." *U.S. v. Conley*, --- F.3d ----, 2015 WL

3

change has not been made retroactive.  Because Defendant was sentenced prior to November of 2014, this amendment does not apply to him.  See *U.S. v. Conley*, --- F.3d ----, 2015 WL 400556, *3-4 (7th Cir. Jan. 30, 2015).  Therefore, the Court is without jurisdiction to grant Defendant's request for a reduced sentence, and the motion is **DENIED**.

CONCLUSION

For the reasons set forth above, the Motion entitled "Defendant's Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Retroactive Guidelin[e] Amendment 787)" filed on March 6, 2015 (DE #76), is **DENIED**.

DATED: **March 11, 2015**          /s/ RUDY LOZANO, Judge
                                    **United States District Court**

---

400556, *3 (7th Cir. Jan 30, 2015).